UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

---

MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,

       Plaintiff,

v.

DR. DAVID KWIAT, AND KWIAT EYE AND LASER SURGERY, PLLC,

       Defendants.

---

Civil Action No. 1:22-cv-264 (LEK/DJS)

**COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. Defendants Dr. David Kwiat ("Dr. Kwiat") and his medical practice, Kwiat Eye and Laser Surgery, PLLC ("KELS"), unlawfully retaliated against employee Jenna Coolman ("Ms. Coolman") when they terminated her for filing complaints regarding health and safety conditions at Defendants' workplace.

2. From at least March 2020 onward, against the backdrop of a raging global pandemic, Defendants refused to comply with guidance issued by the Centers for Disease Control ("CDC") and New York State-mandated health and safety protocols related to the SARS-CoV-2 pandemic ("COVID"), including mask wearing, social distancing, and other enhanced hygiene protocols.

3. Between approximately March 2020 and December 2020, Ms. Coolman repeatedly complained to her supervisor, Kim Morey, about Defendants' failure to follow New York State-mandated health and safety protocols, such as requiring the use of face masks.

4. By December 2020, New York State had confirmed more than 30,000 COVID-related deaths.

5. When Defendants refused to change their unsafe practices, in December 2020 and January 2021, Ms. Coolman filed two complaints with the New York State Department of Health ("NYSDOH"), reporting her concerns regarding these hazardous working conditions.

6. On the morning of February 24, 2021, NYSDOH contacted KELS by telephone.

7. That same morning, after the call from NYSDOH, Dr. Kwiat confronted Ms. Coolman, accused her of complaining to NYSDOH, and fired her on the spot.

8. Dr. Kwiat directly and explicitly informed Ms. Coolman that the reason for her termination was because she reported Defendants' lack of COVID-related health and safety protocols to NYSDOH.

9. Defendants' actions, individually and collectively, constitute unlawful retaliation under section 11(c) of the Occupational Safety and Health Act of 1970, as amended, (the "Act" or the "OSH Act"), 29 U.S.C. § 651 *et seq*.

10. Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action against Defendants pursuant to section 11(c) of the OSH Act, to enjoin Defendants' unlawful acts, and order all appropriate relief seeking to enforce the provisions of section 11(c) of the Act, 29 U.S.C. § 660(c).

11. The Secretary brings this action pursuant to the authority granted to him by section 11(c)(2) of the Act, 29 U.S.C. § 660(c)(2).

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over this action pursuant to section 11(c)(2) of the Act, 29 U.S.C. § 660(c)(2).

13. Venue is proper in the United States District Court for the Northern District of New York pursuant to 29 U.S.C. § 660(c)(2) and 28 U.S.C. § 1391(b)(1) and (2) because all

Defendants reside within the judicial district and events giving rise to this claim occurred within the judicial district.

## FACTUAL ALLEGATIONS

### *Defendants*

14. Defendant KELS is a corporation organized under the laws of the State of New York, and at all times material has been an employer that provides ophthalmological services to individuals in Amsterdam, New York.

15. Defendant KELS maintains its principal location for the regular transaction of business at 100 Holland Circle Drive, Amsterdam, NY 12010.

16. Defendant KELS is now and has been at all times relevant, a "person" as defined in section 3(4) of the Act, 29 U.S.C. § 652(4).

17. Defendant KELS is now and at all times material has been an "employer" engaged in a business affecting commerce within the meaning of section 3(5) of the Act, such as by using medical equipment originating from outside the state of New York. 29 U.S.C. § 652(5).

18. Defendant Dr. Kwiat is and at all times material has been the president and sole member of Defendant KELS, with, among other things, the authority to hire, fire and take disciplinary actions against employees of Defendant KELS.

19. Defendant Dr. Kwiat resides in Saratoga Springs, New York.

20. Defendant Dr. Kwiat is now and been at all times material, a "person" as defined in section 3(4) of the Act, 29 U.S.C. § 652(4).

### *Ms. Coolman's Employment with Defendants*

21. On or about July 9, 2017, Defendants hired Ms. Coolman as an Ophthalmology Technician.

22.     Ms. Coolman worked as an Ophthalmology Technician for Defendants, primarily performing ophthalmologic services before Defendants terminated her from her employment on February 24, 2021.

23.     As an Ophthalmology Technician, Ms. Coolman performed exams and other medical tasks that required her to be face-to-face with, or in close physical proximity to, patients and co-workers.

### *The Outbreak of the COVID Pandemic*

24.     On January 21, 2020, the CDC announced the first known case of COVID in the United States.

25.     On January 30, 2020, the World Health Organization ("WHO") declared the COVID outbreak a public health emergency of international concern, which is the WHO's highest level of alarm.

26.     On January 31, 2020, the United States Department of Health and Human Services declared a public health emergency covering the entire United States, including the State of New York.

27.     Starting in February 2020, the CDC issued a series of guidance documents targeted at healthcare facilities and suggested workplace measures to prevent the spread of COVID, including the use of facemasks, patient pre-screening for COVID, heightened cleaning measures, social distancing, and encouraging sick employees to stay home.

28.     On March 1, 2020, New York State recorded its first confirmed case of COVID.

29.     On March 7, 2020, former New York State Governor Andrew Cuomo declared a Disaster Emergency in the State of New York.

30.     On March 11, 2020, the WHO declared the COVID outbreak a pandemic.

31. On March 13, 2020, the former President formally declared the pandemic a national emergency.

32. Starting on March 22, 2020, New York State issued a series of health and safety mandates called "PAUSE" mandates and created new workplace measures to address the challenges and dangers posed by COVID.

33. Among other requirements, the PAUSE mandates included mask mandates, social-distancing mandates, mandates for non-essential businesses to limit capacity, and quarantine mandates related to COVID exposure.

### *Defendants' Unsafe Working Conditions*

34. Between March 2020 and February 24, 2021 (the "Relevant Time Period"), despite the pandemic and New York State's various PAUSE and other health and safety mandates, Defendants refused to take appropriate measures to implement health and safety protocols to address the dangers posed by COVID.

35. During the Relevant Time Period, Defendants did not require employees to wear face masks or coverings of any kind.

36. During the Relevant Time Period, Defendants did not require patients to wear face masks or coverings of any kind.

37. During the Relevant Time Period, Defendants continued performing non-emergency procedures.

38. During the Relevant Time Period, Defendants did not implement social-distancing or enhanced COVID cleaning protocols.

39. During the Relevant Time Period, if patients asked Dr. Kwiat to wear a mask, Defendants refused to treat them and removed them from their practice.

40. During the Relevant Time Period, Defendants threatened to terminate employees who talked about COVID at the workplace.

41. During the Relevant Time Period, Defendants threatened to terminate employees if they got tested for COVID because Dr. Kwiat stated he did not want the medical practice to be investigated by the health department.

42. During the Relevant Time Period, Defendants' employees were also required to work when family members in the home tested positive for COVID.

43. At least two of Defendants' patients complained to the New York State PAUSE Enforcement Assistance Task Force that Defendants were not following health and safety mandates required under the State's PAUSE mandates.

44. In both instances, the Montgomery County Sherriff's Office, which received the complaints, investigated, observed Defendants' employees not wearing masks, and admonished Dr. Kwiat for refusing to require the use of masks.

45. Even after the Montgomery County Sheriff's Office's investigation, Dr. Kwiat refused to require employees to wear masks and refused to take any other measures to address the dangers posed by COVID.

46. Ms. Coolman felt unsafe as a result of these dangerous working conditions and repeatedly complained about the lack of required COVID health and safety protocols to her supervisor, Kim Morey, between approximately March 2020 and December 2020.

### *Ms. Coolman's Complaint with NYSDOH and Subsequent Termination*

47. As a result of the unsafe workplace conditions described above, Ms. Coolman filed two complaints with the NYSDOH, one in December 2020 and another in January 2021.

48. On the morning of February 24, 2021, NYSDOH contacted KELS by telephone.

49. Dr. Kwiat terminated Ms. Coolman that same morning, specifically stating that he was firing her because she complained to the NYSDOH.

50. Supervisor Kim Morey was present when Dr. Kwiat fired Ms. Coolman.

### *Ms. Coolman Files a Complaint with OSHA*

51. On or about February 25, 2021, the day after her termination, Ms. Coolman timely filed a whistleblower complaint under section 11(c) of the OSH Act, 29 U.S.C. § 660(c) with the Occupational Safety and Health Administration ("OSHA").

52. Ms. Coolman's OSHA complaint alleged that KELS and Dr. Kwiat were not requiring masks to be worn by staff or patients despite New York State health mandates, and that Defendants terminated her for filing complaints regarding unsafe COVID workplace conditions at KELS.

53. OSHA began an investigation of Defendants in response to Ms. Coolman's complaint.

54. On March 8, 2021, OSHA sent a notice to Defendants regarding the OSHA complaint with a standard set of requests for information.

55. Instead of providing any of the requested information, Dr. Kwiat sent a letter to the Department of Labor, Office of the Inspector General ("OIG"), making various unfounded claims and refusing to provide information to OSHA.

56. Dr. Kwiat admits in his letter to the OIG that Ms. Coolman was fired as a result of her complaint to the NYSDOH.

57. OSHA determined that Defendants violated section 11(c)(1) of the OSH Act, 29 U.S.C. § 660(c)(1), by terminating Ms. Coolman because she made good faith health complaints.

## CAUSE OF ACTION

### Violation of Section 11(c) of the OSH Act, 29 U.S.C. § 660(c)

58. The Secretary incorporates by reference all prior paragraphs as if fully set forth herein.

59. Ms. Coolman's complaints filed with NYSDOH about the lack of COVID precautions at Defendants' medical practice described herein constitutes the filing of complaints related to the Act.

60. Ms. Coolman's complaints to her supervisor about the lack of COVID precautions at Defendants' medical practice described herein constitutes the filing of complaints related to the Act.

61. Defendants discharged Ms. Coolman because she filed complaints related to the Act, in violation of section 11(c) of the Act, 29 U.S.C. § 660(c)(1).

62. To date, Defendants have failed to reinstate Ms. Coolman and to compensate her for lost wages and other damages suffered as a result of Defendants' egregious and unlawful actions, in continued violation of section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

## RELIEF SOUGHT

**WHEREFORE,** cause having been shown, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

(a) Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from violating the provisions of section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1);

(b) Ordering Defendants to pay damages to Ms. Coolman for all lost wages and benefits that resulted from her unlawful termination, from the date of discharge until the date

of judgment;

(c) Ordering Defendants to offer to reinstate Ms. Coolman to her previous position, with full benefits and other prerequisites of employment, and without any break in seniority, effective February 24, 2021, and/or, ordering Defendants to provide appropriate front pay (economic reinstatement) in lieu of reinstatement;

(d) Ordering Defendants to provide compensation to reimburse Ms. Coolman for any costs, expenses, and/or other pecuniary losses she incurred as a result of Defendants' unlawful discriminatory actions;

(e) Ordering Defendants to provide compensation for non-pecuniary losses, including emotional distress;

(f) Ordering Defendants to pay prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to Internal Revenue Code, 26 U.S.C. § 6621;

(g) Ordering Defendants to pay exemplary or punitive damages;

(h) Ordering the posting of a notice for employees in a prominent place where employees can easily see it, stating that Defendants will not discharge or in any manner discriminate against any employee for engaging in activities protected by section 11(c) of the Act, 29 U.S.C. § 660(c);

(i) Awarding Plaintiff for all costs incurred in this action; and

(j) Ordering such and further relief as may be necessary and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Secretary requests a jury trial in this matter on all issues triable by jury.

DATED:   March 17, 2022
         New York, New York

                        SEEMA NANDA
                        Solicitor of Labor

                        JEFFREY S. ROGOFF
                        Regional Solicitor

                        *s/ Alexander M. Kondo*
                        ALEXANDER M. KONDO
                        Bar Roll No. 520982
                        Senior Trial Attorney

                        *s/ Audrey-Marie Winn*
                        AUDREY-MARIE WINN
                        Bar Roll No. 703429
                        Trial Attorney

                        U.S. Department of Labor
                        Office of the Solicitor
                        201 Varick Street, Room 983
                        New York, NY 10014
                        Tel: 646.264.3652
                        Fax: 646.264.3660
                        Kondo.Alexander.M@dol.gov
                        Audrey.Marie.W@dol.gov
                        NY-SOL-ECF@dol.gov

                        Attorneys for Plaintiff Secretary of Labor