UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,

                Plaintiff,

    v.                                   1:22-cv-00264 (AMN/DJS)

KWIAT EYE AND LASER SURGERY, PLLC, AND DR. DAVID KWIAT,

                Defendants.

---

**APPEARANCES:**                                **OF COUNSEL:**

**U.S. DEPARTMENT OF LABOR**          BERTHA M. ASTORGA, ESQ.
Office of the Solicitor                         AUDREY-MARIE H. WINN, ESQ.
201 Varick Street
New York, NY 10014
*Attorneys for Plaintiff*

**DR. DAVID KWIAT**
100 Holland Cir. Dr.
Amsterdam, NY 12010
Defendant *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

                              **MEMORANDUM-DECISION AND ORDER**

**I.       INTRODUCTION**

    Presently before the Court is Defendant Dr. David Kwiat's ("Dr. Kwiat") motion to dismiss the complaint, Dkt. No. 48 ("MTD"), Dr. Kwiat's appeal of the Court Order lifting the discovery stay, Dkt. No. 52 ("Appeal"), Plaintiff's motion to strike Dr. Kwiat's reply in support of his MTD, Dkt. No. 59 ("MTS"), and Dr. Kwiat's appeal of the Court Order setting a status conference, Dkt. No. 65. There are also several additional requests or motions by Dr. Kwiat and Plaintiff contained within these applications.

For the reasons set forth below, the MTD is denied in its entirety, the appeals are denied as moot, and the MTS is denied as moot.

## II.     BACKGROUND

On March 17, 2022, the United States Secretary of Labor[1] ("Plaintiff") commenced the instant action against Dr. Kwiat and his business, Defendant Kwiat Eye and Laser Surgery, PLLC ("KELS"), alleging a single cause of action for retaliation pursuant to Section 11(c) of the Occupational Safety and Health Act of 1970 ("Section 11(c)"), 29 U.S.C. § 651 *et seq*. Dkt. No. 1 (the "Complaint").  Specifically, the Complaint alleges that an employee of KELS reported concerns about health and safety conditions in the workplace to her supervisor and the New York State Department of Health ("NYDOH"), specifically regarding KELS's lack of adherence to federal and state COVID-19 health and safety protocols.  *Id*. at ¶¶ 3-5.  It is further alleged that the same morning KELS and Dr. Kwiat became aware of the employee's report to NYDOH, the employee was terminated in retaliation, in violation of federal law.  *Id*. at ¶¶ 6-8; *accord* Dkt. No. 7 at ¶ 7.  The Complaint seeks a permanent injunction against the Defendants requiring them to reinstate the terminated employee, as well as damages for the employee's lost wages resulting from the wrongful termination.  Dkt. No. 1 at ¶ 10, *ad damnum*.

On May 13, 2022, Defendants filed an Answer denying that a violation occurred.  Dkt. No. 7 (the "Answer").  Defendants did not assert any counterclaims, or any defenses asserting a lack of subject matter jurisdiction.  *Id*.  Defendants did not file a motion to dismiss under Rule 12 at that time.  The parties engaged in discovery, which was initially scheduled to be completed by March 31, 2023.  Dkt. No. 9.  On February 14, 2023, the Court issued an Order requiring

---

[1] Since the commencement of this action, Julie A. Su succeeded Martin J. Walsh as Acting Secretary. Accordingly, Su is automatically substituted for Walsh.  *See* Fed. R. Civ. P. 25(d).

Defendants to provide certain discovery. Dkt. No. 28. Shortly thereafter, Defendants moved the Court to stay discovery while Defendants sorted out matters of representation. Dkt. No. 35. On April 7, 2023, the Court approved Dr. Kwiat's application to proceed *pro se*, however the discovery stay was extended so that KELS could find new counsel. Dkt. No. 40 at 3-4.[2] The Court also set a discovery conference to be held on May 29, 2023, with Dr. Kwiat and new counsel for KELS directed to attend. *Id*.

Rather than comply with Dkt. No. 40, three days prior to the scheduled conference, Dr. Kwiat filed the MTD.[3] In the MTD, Dr. Kwiat asserts that Plaintiff lacks standing to sue and that there is no federal question jurisdiction. Dkt. No. 48-2 at 6-12. Further, the MTD attempts to invoke federal jurisdiction on behalf of Defendant Kwiat and requests that the Court (1) award him substantial damages under 42 U.S.C. § 1983 and (2) empanel a grand jury to "objectively assess the action of plaintiff and his agents." Dkt. No. 48-2, at 23-25. Plaintiff filed a response in opposition to the MTD, Dkt. No. 55 (the "Opposition"), and Dr. Kwiat filed a reply in support of the MTD, Dkt. No. 56 (the "Reply").[4] The MTD is thus ripe for determination.

---

[2] Citations to docket entries utilize the pagination generated by CM/ECF docketing system and not the documents' internal pagination.

[3] Dr. Kwiat noted that he declined to comply with Dkt. No. 40 and missed the May 29, 2023 conference, choosing instead to "await a ruling on the [MTD] before making any general appearances"—which the Court understands to mean participate in the case. Dkt. No. 49. Magistrate Judge Stewart understood Dr. Kwiat's letter to be a request to stay discovery, which request was denied. Dkt. No. 54. That denial is the basis of Dr. Kwiat's Appeal. Plaintiff submitted a response in opposition to the Appeal, Dkt. No. 57, and Dr. Kwiat submitted a reply in further support, Dkt. No. 58. The Appeal is thus ripe for determination.

[4] The rhetoric of Dr. Kwiat's Reply is the basis for Plaintiff's MTS. Specifically, Plaintiff takes issue with the Dr. Kwiat's "insulting and abusive language" including, *inter alia*, *ad hominem* attacks on Plaintiff's counsel by name, claiming "Plaintiff and their attorneys … appear unable to analyze and comprehend what they're reading[,]" "wondering if Plaintiff has any background in jurisprudence at all[,]" and arguing that Plaintiff has engaged in criminal conduct. Dkt. No. 59 at 1-2. Dr. Kwiat filed a letter in response, Dkt. No. 61, which the Court understands to address both the MTS and Plaintiff's separate request for a pre-motion conference before Magistrate Judge Stewart to move for contempt, Dkt. No. 60. Notably, Dr. Kwiat's letter further disparages Plaintiff

**III.     STANDARD OF REVIEW**

A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) is properly granted "when the court lacks statutory or constitutional authority to adjudicate it." *Cayuga Indian Nation of New York v. Vill. of Union Springs*, 293 F. Supp. 2d 183, 187 (N.D.N.Y. 2003) (citing *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002)). To resolve such motion, the court "accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003) (citing *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll.*, 128 F.3d 59, 63 (2d Cir. 1997)). As relevant here, "federal question jurisdiction exists where 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Union Springs*, 293 F. Supp. 2d at 188 (quoting *Perpetual Sec. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002)).

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleadings, the court may consider documents that are "integral" to the pleadings even if they are neither physically attached to, nor incorporated by reference into, the pleadings.

---

by, *inter alia*, characterizing Dkt. Nos. 59 and 60 as "Plaintiff's latest tantrum"—notwithstanding his later "sincere apology" for conduct that Plaintiff perceived as insulting. Dkt. No. 61 at 1, 4.

4

*See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to show that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the … complaint must be dismissed." *Id.* at 570.

"[I]n a *pro se* case … the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting, *inter alia*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**IV.   DISCUSSION**

Upon careful review of the Complaint, Answer, and parties' submissions in connection

with the MTD, the Court concludes that Plaintiff has sufficiently alleged subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and further has stated a single claim for relief pursuant to Section 11(c).  As the MTD is denied in its entirety, the MTS and Appeal are denied as moot, though the Court briefly addresses each in turn for the benefit of the parties.

### A. The Motion to Dismiss

"Section 11 … prohibits employers from retaliating against their employees for reporting possible safety and health issues."  *Perez v. Champagne Demolition, LLC*, No. 1:12-CV-1278 (FJS/TWD), 2016 WL 3629095, at *3 (N.D.N.Y. June 29, 2016).  The Department of Labor interprets Section 11(c) to include "complaints made to State or local agencies regarding occupational safety and health conditions" as conduct protected from employer retaliation, so long as such complaints "relate to conditions at the workplace, as distinguished from complaints touching only upon general public safety and health."  29 C.F.R. § 1977.9(b).  An employee who believes she has been discriminated against in violation of Section 11(c)(1) may file a complaint with the Secretary of Labor, who will then investigate the claim.  29 U.S.C. § 660(c)(2).  If the Secretary determines that a violation has occurred, she must bring an action in federal court.  *Id.*  The Act "is remedial and preventative in nature and is to be liberally construed to effectuate its congressional purpose."  *Reich v. Hoy Shoe Co.*, 32 F.3d 361, 368 (8th Cir. 1994); *accord Walsh v. PACCAR, Inc.*, No. 4:21-CV-909-SDJ, 2022 WL 4387860, at *2 (E.D. Tex. Sept. 22, 2022).

### 1. Subject Matter Jurisdiction

As Magistrate Judge Stewart has already astutely observed in this case:

> 'The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal [court] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'  The Complaint here clearly alleges a violation of federal law on its face, citing to 29 U.S.C. § 651 *et seq*.

Dkt. No. 54 at 5 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) and citing Dkt.

No. 1 at ¶ 9). Indeed, arguing that a government agency exceeded or acted against its statutory or constitutional authority generally entails federal question jurisdiction. *See, e.g.*, *Axon Enter., Inc. v. Fed. Trade Comm'n*, 143 S. Ct. 890, 900, 906 (2023) (observing that "[d]istrict courts may ordinarily hear [] challenges [to federal agency action] by way of 28 U.S.C. § 1331's grant of jurisdiction for claims 'arising under' federal law" and affirming "district court review of … claims that the structure, or even existence, of an agency violates the Constitution"); *Polanco v. U.S. Drug Enf't Admin.*, 158 F.3d 647, 651 (2d Cir. 1998) ("Subject matter jurisdiction over this claim is found in 28 U.S.C. § 1331, the general federal question statute, because the complaint alleges a violation of the Fifth Amendment's Due Process Clause."). Accordingly, this Court has subject matter jurisdiction and Dr. Kwiat's arguments are properly considered to challenge the Complaint for failure to state a claim for relief.

      **2.**    **Failure to State a Claim**

In the MTD, Dr. Kwiat raises two arguments that can be read to target the sufficiency of the allegations in the Complaint. First, Dr. Kwiat argues that in *Nat'l Fed'n of Ind. Bus. v. Dep't of Labor, Occupational Safety & Health Admin.*, 142 S. Ct. 661 (2022) (*per curiam*) ("*NFIB*"), the United States Supreme Court abrogated Plaintiff's authority to bring a suit for retaliation under Section 11(c) if the underlying facts in any way relate to COVID-19. *See* Dkt. No. 48-2 at 12-13. Second, Dr. Kwiat argues that Section 11(c) requires a retaliation claim to be based on an employee's complaint of health and safety concerns to the Department of Labor itself, and so the instant terminated employee's complaints to KELS management and the NYDOH cannot be the basis of Plaintiff's retaliation claim. Dkt. no. 48-2 at 6-8. Neither argument has merit.

As to *NFIB*, Dr. Kwiat misapprehends the holding in that case. In *NFIB*, the Supreme Court preliminarily stayed enforcement of an emergency protocol for employee vaccination

7

against COVID-19. 142 S. Ct. at 666-67; *see also Biden v. Nebraska*, 143 S. Ct. 2355, 2383 (2023) (Barrett, J. concurring) (in *NFIB* "we held that … OSHA's authority to ensure 'safe and healthful working conditions' did not encompass the power to mandate the vaccination of employees"); *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 510 (2d Cir. 2022) (noting that "the rescinded ETS [at issue in *NFIB*] limited itself to vaccination"); *Sharma v. Clark*, No. 5:21 CT-3311-M, 2022 WL 2079114, at *3 (E.D.N.C. June 9, 2022) (observing that *NFIB* "did not hold that the OSHA regulation of which plaintiff complains was unconstitutional, but instead granted a stay as to the regulation's enforcement"). The Supreme Court's primary reasons for its holding in *NFIB* were that: (1) the mandate was a "blunt instrument" and (2) the required vaccines could not be undone. 142 S. Ct. at 664-65. Accordingly, the language from *NFIB* on which Dr. Kwiat attempts to rely, *see* Dkt. No. 48-2 at 13, is dicta, not a controlling holding of the decision. Indeed, retaliation claims pursuant to Section 11(c) are not hindered by the holding of *NFIB* even where the complaints are based solely on concerns around COVID-19. *See PACCAR*, 2022 WL 4387860, at *3 (allowing a Section 11(c) retaliation claim based on a specific employee's concerns of COVID-19 in the workplace, noting that *NFIB* "does not constrain the Secretary's authority to maintain th[e] lawsuit"); *accord Biden v. Missouri*, 142 S. Ct. 647, 654 (2022) (*per curiam*) (noting that "unprecedented circumstances provide no grounds for limiting the exercise of authorities [an] agency has long been recognized to have" and lifting a stay of a federal agency's COVID-19 vaccination requirement for Medicare and Medicaid recipient facilities' employees). Thus, the holding of *NFIB* does not bar the instant suit.

Second, Dr. Kwiat's challenge to Plaintiff's interpretation of Section 11(c) has been considered by many courts and been found to be without merit. Section 11(c) liability for retaliation has been found where the predicate complaint about health and safety concerns is made

to an employees' union representatives and even an employee's managerial staff and need not be made to the Department of Labor itself. *See Donovan v. Diplomat Envelope Corp.*, 587 F. Supp. 1417 (E.D.N.Y. 1984), *aff'd on other grounds*, 760 F.2d 253 (2d Cir. 1985) (finding that making a health and safety complaint to union officials or supervisors was protected activity under Section 11(c)); *Donovan v. Com. Sewing, Inc.*, No. H-81-397, 1982 WL 45033, at *3 (D. Conn. Jan. 27, 1982) ("The purpose of the statute is surely furthered by encouraging employees to raise safety and health problems with their employers in the first instance."); *accord Lopez v. Burris Logistics Co.*, 952 F. Supp. 2d 396, 424 (D. Conn. 2013), *on reconsideration* (Sept. 23, 2013). This understanding is grounded in the statutory language allowing Plaintiff to bring suit for complaints "under *or related to*" the Act. 29 U.S.C. § 660(c)(1) (emphasis added). Further supporting Plaintiff's claim as pled is the fact that Section 11(c) does not require Plaintiff to demonstrate that the employee reported an actual violation of the law, but merely that the report concerned health and safety in the workplace. *See Walsh v. Cmty. Health Ctr. of Richmond, Inc.*, No. 21-CV-3094 (ARR) (TAM), 2022 WL 4539264, at *2 (E.D.N.Y. Sept. 28, 2022) (contrasting Section 11(c) to New York Labor Law Section 740 which requires a "plaintiff to demonstrate that she reported an actual violation of the law"). Accordingly, Dr. Kwiat's MTD on this ground is denied.

The remainder of the arguments in the MTD—and indeed in the Appeal and in opposition to the MTS—are all contingent on Dr. Kwiat's argument that Plaintiff's claims are brought without legal basis. While the court does not at this time find liability in favor of Plaintiff, Plaintiff has adequately pled each element of the single retaliation claim.

### B. The Motion to Strike

With Dr. Kwiat's MTD denied in its entirety, Plaintiff's application in the MTS to strike

all or part of the Reply is denied as moot.[5]  Notwithstanding that determination, the Court notes for the parties' benefit that there are two independent grounds upon which the Court could strike portions of the MTD and Reply.  First, as Plaintiff notes, the MTD attempts to raise arguments that can only be taken as counterclaims asserted against Plaintiff but not properly entered into Defendants' pleadings.  Indeed, Dr. Kwiat submitted an Answer to the Complaint without asserting any counterclaims for relief, and neither Dr. Kwiat nor KELS has moved to amend their Answer pursuant to Rule 15.  As the time for Defendants to amend their Answer as of right has long passed, *see* Fed. R. Civ. P. 15(a)(1)(A), Defendants may now only assert counterclaims in the instant action with Plaintiff's consent or with leave of the Court under Rule 15(a)(2) of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules.

Second, as Plaintiff notes, Dr. Kwiat's Reply includes rhetoric that is insulting and abusive, and Plaintiff seeks sanctions against Dr. Kwiat based on that rhetoric, including striking the Reply in whole or in part, and Plaintiff also renews its request that the Court implement pre-filing clearance for Dr. Kwiat going forward in this case.  *See* Dkt. No. 55 at 6.  The Court declines to take either of these drastic measures at this time, and further notes that given the posture of the action and minimal time anticipated for completion of discovery and submission of dispositive motions, filing restrictions should not be required.  However, if Dr. Kwiat persists in his behavior, including making insulting, abusive, or frivolous filings, the Court will implement sanctions to the extent necessary, and without further warning.

C.  **The Appeal of the Court Order Lifting the Discovery Stay**

Having denied the MTD in its entirety, the primary ground upon which Dr. Kwiat moved

---

[5] The MTS is also denied because it failed to comply with Rule 11.  Fed. R. Civ. P. 11(c)(2) (such "motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper … is withdrawn or appropriately corrected within 21 days after service").

to stay discovery, *see* Dkt. No. 53 at 4 ("OSHA … lacks the authority to intervene or comment on COVID work related matters" and citing *NFIB*), is moot and discovery—which was due to be completed four months ago but for Defendants' actions—should proceed.  The Court understands, however, that Dr. Kwiat has another ground upon which he objects to the continuation of discovery, namely that his personal finances are not relevant to Plaintiff's case at this time and thus Dr. Kwiat seeks to have the Court stay discovery as to damages—or their ability to pay a judgment—until the adjudication of their liability.  *See id*. at 5 ("The controversy before this court has nothing to do with the Defendants financial status" which "in no way contributes to the adjudication of this action.").  While it is true that Defendants' ultimate liability is still an open question in this case, no order bifurcating discovery has been entered, *cf*. Dkt. No. 9, no such order has been properly sought, *cf*. Dkt. No. 49, and the Court declines to enter one now.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding … parties' resources") The Court agrees with Magistrate Judge Stewart that this case does not call for bifurcation of discovery for liability and damages—including possible punitive damages—and Defendants are ordered to comply with their discovery obligations.  *See* Dkt. No. 28 at 3 (citing, *inter alia*, *Spin Master Ltd. v. Bureau Veritas Consumer Prod. Serv., Inc.*, 2016 WL 690819, at *18 (W.D.N.Y. Feb. 22, 2016) ("Although the courts are split on the timing for such discovery, this Court believes that pre-trial discovery of defendants' financial information is most efficient.")); *accord Mahar v. US Xpress, Inc.*, No. 1:06-cv-1297 (GLS/RFT), 2010 WL 4365885, at *2 (N.D.N.Y. Oct. 28, 2010) (declining to quash subpoena to produce "documents regarding its financial status for punitive damages purposes"); *see also Hazeldine v. Beverage Media, Ltd.*, No. 94 CIV. 3466 (CSH), 1997 WL 362229, at *3 (S.D.N.Y. June 27, 1997) ("the Court of Appeals has not held that financial discovery may only be taken after liability for punitive damages has been determined" in part "so

that if the defendants are found liable … a second proceeding regarding the amount of damages can go forward immediately with the same jury).

### D. The Status of the Case

In light of the parties' submissions in connection with the Motion, it is clear to the Court that the issues remaining in this case are few and finite. Defendants acknowledge terminating the employee in close proximity to NYDOH contacting Defendants to investigate the employee's complaints to the about her health and safety concerns in the workplace. Dkt. No. 7 at ¶¶ 6-7, 48-49; Dkt. No. 48-2 at 12-13. In denying Defendants' Appeal of the Court Order lifting the discovery stay, the Court specifically directs the parties to expeditiously resolve the few outstanding discovery issues, including through the scheduled discovery conference to be held before Magistrate Judge Stewart. *See* Dkt. Nos. 63, 64.[6] Further, absent earlier settlement of the instant dispute, if the parties intend to submit dispositive motions, they should be done in a form and fashion[7] designed to efficiently resolve the case. *See* Dkt. No. 54 at 6-8 (warning the parties, and Dr. Kwiat in particular, that failure to comply with Court Order and the discovery process "**will result in the imposition of sanctions,**" up to and possibly including the entry of a default

---

[6] Dr. Kwiat has also filed an appeal of Magistrate Judge Stewart's Order setting a status conference. Dkt. No. 65. It is not apparent to the Court that Dkt. No. 63 contains findings or recommendations subject to appeal. *See* 28 U.S.C. § 636(b)(1)(C). Nevertheless, upon careful consideration of the arguments presented, *see* Dkt. No. 65-1, the Court denies this appeal for the same reasons the MTD and Dr Kwiat's earlier Appeal are denied, *see supra* Secs. IV.A, C, and orders Dr. Kwiat to comply with his obligations as a proper party to this action, consistent with this and earlier Court Orders.

[7] To be sure, this includes compliance with Court Orders, as well as the Federal and Local Rules for all submissions. These rules are adopted and regularly maintained for the benefit of the Court and the parties. The Court has already noted Dr. Kwiat's disregard of the requirements of Federal Rule 15 and Plaintiff's disregard of the procedural requirements of Federal Rule 11(c)(2), and the Court also notes the parties' disregard of the Local Rules in their submissions, including with respect to the papers required (*e.g.*, separate motion), page limits, use of page numbers, and tables of contents. *See* Dkt. Nos. 80, 83; Local Rules 7.1(a)(3), (b), (c), (i), 10.1(a), 12.1, 15.1. Following both the Federal and Local Rules would have ensured the relief sought was properly before the Court, and also undoubtedly clarified the papers and simplified the presentation of the issues.

judgment in favor of Plaintiff).

## V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Dr. Kwiat's motion to dismiss, Dkt. No. 48, is **DENIED in its entirety**; and the Court further

**ORDERS** that Dr. Kwiat's appeal of the Court Order lifting the discovery stay, Dkt. No. 52, is **DENIED as moot**; and the Court further

**ORDERS** that Plaintiff's motion to strike Dr. Kwiat's Reply in support of his motion to dismiss, Dkt. No. 59, is **DENIED as moot**; and the Court further

**ORDERS** that Dr. Kwiat's appeal of the Court Order setting a discovery conference, Dkt. No. 65, is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk substitute Julie A. Su for Martin J. Walsh and update the case caption accordingly; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 28, 2023
Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge