UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JULIE A. SU, *Acting Secretary of Labor,*
United States Department of Labor,

                              Plaintiff,

          v.                                        1:22-cv-264
                                                             (AMN/DJS)

KWIAT EYE AND LASER SURGERY, PLLC
and DR. DAVID KWIAT,

                              Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| U.S. DEPARTMENT OF LABOR<br>Office of the Solicitor<br>Attorney for Plaintiff<br>201 Varick Street<br>New York, New York 10014 | AUDREY-MARIE HARRIS, ESQ.<br>BERTHA M. ASTORGA, ESQ. |
| HURWITZ FINE P.C.<br>Attorney for Defendants<br>1300 Liberty Building<br>424 Main Street<br>Buffalo, New York 14202 | ANASTASIA M. McCARTHY, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

### I. PROCEDURAL HISTORY

On September 26, 2023, this Court issued an Order to Show Cause to Dr. Kwiat, directing that he personally appear in Court on Wednesday, October 4, 2023 and explain why he should not be held in contempt for his failure to comply with this Court's earlier

- 1 -

Discovery Order.  Dkt. No. 74.  By way of background, the Court originally issued a discovery order on February 14, 2023, directing Dr. Kwiat to produce, *inter alia*, information concerning his net worth from 2019 until the present.  Dkt. No. 28.  After that Order, Dr. Kwiat separated from his counsel, decided to proceed *pro se*, and continued to object to the production of the requested documentation.  Rather than complying with the Order, Dr. Kwiat filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, and advised Plaintiff's counsel that they had no authority in the matter, and that their discovery requests were "legally meaningless."  Dkt. Nos. 48 & 60-1.  Dr. Kwiat unilaterally decided not to appear at a discovery conference set by the Court on May 31, 2023.  Dkt. No. 51.  After the District Court denied Dr. Kwiat's Motion to Dismiss, an additional discovery conference was held, and at that time Dr. Kwiat did appear and participate.  Nevertheless, the information about the Defendant's financial condition had still not been provided.  Accordingly, the Court did two things: it set a date for Dr. Kwiat's deposition, in person, in Albany, New York and it also set an appearance date for an Order to Show Cause as to why the Defendant should not be sanctioned for his continued failure to provide the court-ordered financial information.  *See* Dkt. Nos. 68 & 74.  At that point Dr. Kwiat retained legal counsel.  Dkt. Nos. 69-71.

      The Order to Show Cause Hearing was held as scheduled on October 4, and Defendant, who had traveled from Florida, completed his deposition the same day.  In addition, his counsel provided to the Court and Plaintiff's counsel a letter with updated information regarding the status of Defendant's tax returns, as well as information regarding Dr. Kwiat's net worth.  Dkt. No. 77.  During the Order to Show Cause Hearing

Defendant Kwiat represented that he believed that he could obtain a certified financial statement within 30 days. Plaintiff's counsel argued that the production to date was insufficient, and that Defendant Kwiat should be precluded from offering any financial information to a jury or asserting inability to pay any punitive damages awarded. Thereafter, the Court adjourned the matter and directed Dr. Kwiat to produce the sought-after financial statement and provide a copy to counsel and the Court on or before November 6, 2023. On that date, the Court did receive what was labeled as Dr. Kwiat's "Certified Personal Financial Statement" prepared by Accountant Peter Barber. Upon request, additional supplemental background material was also provided.

## II. DISCUSSION AND CERTIFICATION

Federal Rule of Civil Procedure 37(b)(2)(A)(vii) provides that a court may hold a party in contempt for failure to comply with a discovery order. A person may be held in contempt if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (internal quotation marks omitted). A clear and unambiguous order is one that leaves "no uncertainty in the minds of those to whom it is addressed," and the person or entity "must be able to ascertain from the four corners of the order precisely what acts are [required or] forbidden." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (internal quotation marks omitted). Contempt may be either civil or criminal, depending upon the substance of the contempt proceeding and the "character and purpose" of the sanction

involved. *Gompers v. Bucks Stove & Range,* 221 U.S. 418, 441 (1911). "A sanction imposed to compel obedience to a lawful court order or to provide compensation to a complaining party is civil." *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989).

In civil non-consent cases, a magistrate judge has authority to certify to the district court that facts exist sufficient to establish a finding of contempt:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii). In certifying the facts under Section 636(e), the magistrate judge's role is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) (internal quotation marks omitted). "Under this prescribed protocol, a magistrate judge may conduct a hearing, but in doing so may only certify the facts and may not issue an order of contempt." *NXIVM Corp. v. Bouchey*, 2011 WL 5080322, at *4 (N.D.N.Y. Oct. 24, 2011).

Based upon the foregoing, the Court certifies the following facts as having been established by clear and convincing evidence:

> (1) That on July 8, 2022, the Plaintiff served discovery demands upon Defendant David Kwiat seeking, among other things, personal financial information.

(2) That Defendant David Kwiat, by his then counsel, objected to the Interrogatories and Discovery Demands, and refused to provide the requested material.

(3) That on February 14, 2023, this Court issued an Order compelling Defendant Kwiat to comply with certain portions of the Plaintiff's discovery demands, including providing information of his net worth from 2019 until the present.

(4) That the Court's Order to Compel was served upon Defendant, via his then legal counsel, Scott Quesnel.

(5) That the Court's February 14, 2023, Discovery Order was clear and unambiguous.

(6) That despite the issuance and service of the Court's Order to Compel, no discovery responses were forthcoming. At this point in time, Dr. Kwiat's counsel moved to withdraw from the case and Dr. Kwiat proceeded *pro se*.

(7) That on May 26, 2023, Dr. Kwiat filed a Motion to Dismiss the Complaint due to the alleged lack of subject matter jurisdiction.

(8) That Dr. Kwiat was notified of a Court-ordered discovery conference to be held on May 31, 2023, but did not appear for the conference. At that time the stay of discovery that was imposed on May 7, 2023, after defense counsel filed a motion to withdraw, was lifted. Dr. Kwiat's letter request to maintain the stay pending decision of the Motion to Dismiss, was denied.

(9) That, in light of his pending Motion to Dismiss, Dr. Kwiat asserted that the Plaintiff's discovery demands were meaningless. Accordingly, as of September 26, 2023, Dr. Kwiat had not complied with the Court's Discovery Order to provide the limited financial information that the Court found to be proportionally relevant.

(10) That because of the failure of Dr. Kwiat to comply with the Court's Discovery Order, the Plaintiff was forced to file a Motion for an Order to Show Cause.

(11) That on September 26, 2023, the Court granted Plaintiff's Motion and issued an Order to Show Cause as to why Defendant should not be held in contempt, which Order to Show Cause was then served upon the Defendant.

(12) That the Plaintiff has established that as of the date of the Order to Show Cause hearing the Defendant had failed to diligently attempt to comply with the Court's February 14, 2023, Discovery Order.

In light of the foregoing, it is recommended that the District Court hold Dr. Kwiat in contempt of court and consider the imposition of appropriate sanctions and/or costs. As noted above, the purpose of the sanction would be to coerce compliance with the outstanding discovery demands so that Plaintiff may appropriately prepare for trial and, in addition, to remedy any harm past noncompliance caused Plaintiff. *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d at 657. "When the purpose is compensatory, the order should be fashioned so as to reimburse the injured party for his actual damages." *Perfect Fit Indus., Inc. v. Acme Quilting Co., Inc.*,

673 F.2d 53, 57 (2d Cir. 1982).  Pursuant to Rule 37(d)(3), costs and attorney's fees *must* be imposed for a party's failure to provide answers to discovery demands or answer interrogatories absent substantial justification or circumstances rendering such sanctions unjust.

In making that determination, the District Court may wish to consider the following additional factors:  First, while Dr. Kwiat did fail to appear for the May 31, 2023 discovery conference, he has appeared at all required court appearances since that time.  Second, after the filing of the Order to Show Cause, Dr. Kwiat retained legal counsel to assist him in representing his interests.  Third, Dr. Kwiat traveled from Florida to Albany for the Order to Show Cause Hearing and did, at that time, participate in and complete his deposition testimony.  Fourth, Dr. Kwiat has now retained the services of an accountant to prepare a certified net worth/financial statement[1], and provided available tax documents.  Fifth, that the financial discovery dispute relates solely to a potential claim for punitive damages, and therefore has not in any way hindered the preparation of any dispositive motion or delayed any trial.  Finally, as noted above, an award of costs and attorney's fees are required to be imposed in this matter, which may make the imposition of an additional sanction unnecessary.

Accordingly, the Court recommends that a contempt fine in the amount of $1,250 be imposed, which includes the reasonable costs required under Rule 37.

---

[1] The Court makes no credibility determination regarding the accountant's net worth statement, which may well be the subject of significant cross-examination if presented at trial.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendant Dr. Kwiat be held in contempt of court for his failure to comply with this Court's February 14, 2023 Discovery Order, and that appropriate sanctions and/or costs be imposed; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:   January 4, 2024
         Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge